# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: W. R. Grace & Co., et al. | : | Bankruptcy Case No. 01-01136-KJC |
| | : | Bankruptcy Adv. No. 15-50766-KJC |
| Debtors. | : | BAP No. 16-51 |
| _____ | : | |
| | : | |
| JEREMY B. CARR, et al., | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 16-1010-LPS |
| | : | |
| CONTINENTAL CASUALTY | : | |
| COMPANY, et al., | : | |
| | : | |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **30th** day of **November, 2016**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process. This matter involves an appeal from the denial of appellants' motion to dismiss and the granting of appellees motion for summary judgment. The appeal raises questions of law that will determine whether certain tort claimants may

proceed with their claims in state court against appellee CNA in relation to asbestos exposure and will likely impact hundreds of other plaintiffs. The parties advise that they have extensively discussed the issues involved, and at this stage do not feel that settlement can be achieved, which would involve hundreds of claims in addition to those at issue in the Adversary Action, without an appellate decision addressing the scope of the Asbestos PI Channeling Injunction. Further, in 2012 the parties agreed to mediate their claims at an appropriate time before an agreed upon mediator, whose is knowledgeable concerning the history and issues presented by these claims.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Since the parties are in agreement that this matter should be removed from mandatory mediation, no objections will be filed to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

In addition, the parties are presently considering whether to certify a direct appeal to the Third Circuit. As a result, they respectfully request that this court stay entry of a briefing schedule in this matter unless and until (1) the Third Circuit declines to authorize a direct appeal following certification, (2) the District Court declines to certify a direct appeal upon a motion, or (3) more than sixty (60) elapse from entry of judgment in Bankruptcy Court and no party has filed a motion to certify a direct appeal.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge